**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RUSTAM ILDAROVICH KODIROV and
AZIZJON GAYBULLOEVICH AKHMEDOV,

Petitioners,

v. No. 2:26-cv-00613-DHU-SCY

DORA CASTRO, Warden, Otero County Processing Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Director, El Paso Field Office, Enforcement and Removal Operations,

Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AS TO PETITIONER KODIROV**

THIS MATTER is before the Court on Petitioner Rustam Ildarovich Kodirov's *pro se* Amended Petition for Writ of Habeas Corpus ("Amended Petition" or "Petition"). Doc. 22. For the reasons below, the Petition is **DISMISSED AS MOOT.**

## I. BACKGROUND

Petitioner is a native and citizen of Uzbekistan who entered the United States on January 7, 2025. Doc. 1 at 1. He was detained by immigration officials and placed in expedited removal proceedings. Doc. 9 at 2. Petitioner underwent a credible fear interview, where an asylum officer found that he had established a credible fear, and transferred him to full removal proceedings; while detained, Petitioner filed an Application for Asylum. *Id.*

On April 21, 2025, an Immigration Judge ("IJ") denied Petitioner's Application for Asylum and entered an order of removal; he reserved his right to appeal, which was due on May 21, 2025,

but did not file an appeal. *Id.* Accordingly, on May 21, 2025, his order of removal became administratively final. *Id.*

On August 5, 2025, Enforcement and Removal Operations ("ERO") contacted the Uzbekistan consulate to request Petitioner's travel document. Doc. 9-1 at 4. On August 11, 2025, Petitioner had a 90-day custody review. *Id.*

On August 28, 2025, ERO arranged Petitioner's removal to Uzbekistan by plane. *Id.* On September 16, 2025, Petitioner's removal was canceled because he did not have a travel document. *Id.* On November 17, 2025, Petitioner had a 180-day custody review. *Id.* at 3.

On January 20, 2026, ERO submitted a request to the Uzbekistan consulate regarding Petitioner's travel document. *Id.* On March 2, 2026, ERO sent an email to the Uzbekistan consulate inquiring about the process to obtain travel documents; on March 15, 2026, the Uzbekistan consulate sent ERO instructions on obtaining travel documents. *Id.*

On July 14, 2026, Petitioner, while at the Otero County Processing Center, in Chaparral, New Mexico, filed the instant Amended Petition, arguing that his prolonged post-removal detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and the Due Process Clause of the Fifth Amendment. Doc. 22 at 6-7. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from immigration custody. *Id.* at 7.

On July 24, 2026, Respondents filed a response. Doc. 28. In their response, Respondents notified the Court that the Uzbekistan consulate issued Petitioner's travel document on June 23, 2026, and that Petitioner was scheduled to be removed on July 31, 2026. Doc. 28 at 2.

On August 7, 2026, Respondents filed a status report confirming that Petitioner was removed to Uzbekistan on July 31, 2026, via charter flight, and that he is, therefore, no longer in immigration custody. Doc. 30 at 1; Doc. 30-1.

## II.
## LEGAL STANDARDS

District courts have the authority to grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S.Ct. 2491 (2001)).

Article III of the United States Constitution forms "the basis for our mootness doctrine." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Article III limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249 (1990). District courts do not have jurisdiction where no actual or live controversy exists. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." (internal quotation marks and citation omitted)). Accordingly, when an action "no longer present[s] a case or controversy," the action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).

A habeas petition presents a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if . . . collateral injuries survive after resolution of the primary injury" (internal quotation marks and citation omitted)). "[W]here the grounds for habeas relief

will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

## III.
## BRIEF DISCUSSION

In his Habeas Petition, Petitioner challenges his prolonged post-removal detention and requests immediate release from immigration custody. Doc. 22 at 6-7. As Petitioner was removed to Uzbekistan on July 31, 2026, he is no longer detained and in immigration custody. The "successful resolution of [his] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Accordingly, there is no actual injury or collateral consequence that can be redressed by a successful ruling on the Petition. The Court, therefore, finds that no case or controversy exists and that Petitioner's claims have become moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention . . . is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from . . . release.").

## IV.
## CONCLUSION

**IT IS HEREBY ORDERED** that Rustam Ildarovich Kodirov's *pro se* Amended Petition for Writ of Habeas Corpus (Doc. 22) is **DISMISSED AS MOOT**. His pending Motion for Temporary Restraining Order ("TRO") (Doc. 16) is also **DISMISSED AS MOOT**. The Court will issue a separate final judgment.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE